SO ORDERED.

Dated: September 9, 2026

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

Daniel P. Collins, Bankruptcy Judge

## MINUTE ENTRY ORDER

### ***Hearing Information***

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Daniel P. Collins |
| Case Number: | 2:26-bk-01245-DPC |
| Debtor(s): | MORE OPPORTUNITY REGARDING EDUCATION, INC. |
| Chapter: | 11 |
| Date and Time: | 09/08/2026 1:30 PM |
| Location(s): | PHX-603 |
| Courtroom Clerk: | Jennifer Lowry |
| Electronic Court Recording Operator: | Staci Jo Fagan |

### ***Matter(s):***

MATTER 1 - CONTINUED HEARING ON DEBTORS MOTION TO COMPEL,MOTION FOR PROTECTIVE ORDER AND CROSS MOTION FILED BY FRANCK NANIE

MAATTER 2 - MOTION FOR PROTECTIVE ORDER

### ***Appearances:***

ALLAN NEWDELMAN, ATTORNEY FOR MORE OPPORTUNITY REGARDING EDUCATION, INC.
ROBERTA J. SUNKIN,ATTORNEY FOR MORE OPPORTUNITY REGARDING EDUCATION, INC.
FRANCK NANIE, INTERESTED PARTY

### ***Proceedings:***

Ms. Sunkin advises that the Debtor has determined that it cannot continue operating and intends to cease operations and convert the case to Chapter 7. She explains that the Debtor's employees have been given notice, their final day of work will be September 11, 2026, and they are scheduled to receive their final paychecks on September 15, 2026. The Debtor initially intended to file a motion to convert after the employee payments had cleared.

COURT: THE COURT NOTES THAT UPON CONVERSION, A CHAPTER 7 TRUSTEE WILL BE APPOINTED AND WILL ASSUME CONTROL OF THE DEBTOR'S ASSETS, RECORDS, AND REMAINING ISSUES IN THE CASE.

Ms. Sunkin advises that the Debtor has produced the documents in its possession responsive to Mr. Nanie's prior request and does not have additional responsive documents to produce. She further advises that, in light of the anticipated conversion, the Debtor no longer intends to prosecute its objection to Mr. Nanie's claim.

Mr. Nanie advises that he has withdrawn his outstanding discovery requests to the Debtor and believes the materials already produced establish the factual disputes underlying his claim. He requests authorization to obtain certain records directly from ProCare.

Ms. Sunkin advises that any further request for records or authorization should be directed to the Chapter 7 Trustee following conversion.

COURT: THE COURT INQUIRES WHETHER THE DEBTOR WILL WITHDRAW ITS OBJECTION TO MR. NANIE'S CLAIM IN LIGHT OF THE ANTICIPATED CONVERSION.

Ms. Sunkin orally withdraws the Debtor's objection to Mr. Nanie's claim without prejudice to the rights of the subsequently appointed Chapter 7 Trustee.

COURT: IN LIGHT OF THE WITHDRAWAL OF THE DEBTOR'S OBJECTION, THERE IS NO NEED TO SET A TRIAL REGARDING MR. NANIE'S CLAIM AT THIS TIME. THE CLAIM IN THE AMOUNT OF $300,000 STANDS AS FILED, SUBJECT TO ANY OBJECTION THAT MAY LATER BE ASSERTED BY THE CHAPTER 7 TRUSTEE.

Ms. Sunkin orally moves to convert the case to Chapter 7 effective at the close of business on September 25, 2026.

COURT: IT IS ORDERED GRANTING THE DEBTOR'S ORAL MOTION TO CONVERT THIS CASE TO CHAPTER 7, EFFECTIVE AT THE CLOSE OF BUSINESS ON SEPTEMBER 25, 2026.

FOLLOWING CONVERSION AND APPOINTMENT OF A CHAPTER 7 TRUSTEE, MR. NANIE MAY DIRECT ANY FURTHER REQUESTS REGARDING THE DEBTOR'S RECORDS OR HIS CLAIM TO THE CHAPTER 7 TRUSTEE.