**SO ORDERED.**

**Dated: September 17, 2026**

**Daniel P. Collins, Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>**MORE OPPORTUNITY REGARDING EDUCATION, INC., d/b/a BRIDGES PRESCHOOL,**<br><br>Debtor. | In Proceedings Under<br><br>Chapter 11, Subchapter V<br><br>Case No. 2:26-bk-01245-DPC<br><br>**ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS BY PROCARE SOFTWARE, LLC, PURSUANT TO FED. R. BANKR. P. 2004**<br><br>Proof of Claim No. 7-1<br><br>Hon. Daniel P. Collins |

The Court having considered the Motion for Order Authorizing Examination and Production of Documents by Procare Software, LLC Pursuant to Fed. R. Bankr. P. 2004, filed by Franck Olivier Nanie, the holder of Proof of Claim No. 7-1 and a party in interest; and good cause appearing;

IT IS ORDERED as follows:

1. The Motion is GRANTED.

2. Movant is authorized under Fed. R. Bankr. P. 2004 to examine Procare Software, LLC by the production of documents, and to obtain from Procare Software, LLC the documents set forth in Attachment A to this Order.

3. The Clerk shall issue to Movant, upon request, a subpoena signed and otherwise in blank as Fed. R. Civ. P. 45(a)(3) provides, which Movant shall complete consistent with this Order before service. Upon service of that subpoena, Procare Software, LLC shall produce the documents set forth in Attachment A to this Order, subject to its rights under Fed. R. Civ. P. 45(d).

4. Production shall be required on not less than twenty-one (21) days' notice, as Local Rule 2004-1(b) requires, and may be made by electronic delivery in the platform's native

export format.

5. Before serving the subpoena on Procare Software, LLC, Movant shall serve a notice and a copy of it on each party as Fed. R. Civ. P. 45(a)(4) requires, by a means permitted under the Local Rules of this Court.

6. This Order is without prejudice to any right of Procare Software, LLC under Fed. R. Civ. P. 45(d), including the right to serve written objections and the right to move for a protective order, and is without prejudice to the rights stated in Local Rule 2004-1(a).

7. Nothing in this Order requires the production of records concerning any child or family other than the minor child identified in Attachment A to this Order.

8. Records produced under this Order shall not be offered or used in any proceeding or forum other than this case without further order of this Court.

9. Movant shall furnish a copy of this Order, and of any records produced under it, to the Chapter 7 trustee upon appointment.

DATED AND SIGNED ABOVE.

**ATTACHMENT A**
**DOCUMENTS TO BE PRODUCED**

Attachment to the Order Authorizing Examination and Production of Documents by Procare Software, LLC, Pursuant to Fed. R. Bankr. P. 2004, entered in Case No. 2:26-bk-01245-DPC, United States Bankruptcy Court for the District of Arizona.

**DEFINITIONS**

1. "The Child" means the minor child C.A.N., born 2024, who is the student identified by name in Movant's September 10, 2026 preservation notice to Procare Software, LLC and referred to in the September 11, 2026 correspondence of its counsel. The Child is identified by initials and birth year only, as Fed. R. Bankr. P. 9037(a) requires.

2. "The Account" means any account, site, center, tenant, or subscription on the Procare platform in which any record relating to the Child is or has been maintained, however denominated, and any predecessor or successor of it.

3. "The Period" means December 1, 2025 through the date of production.

4. "Record" means data or information in any form, including data held in a database, whether or not it is ordinarily displayed to a user, and includes metadata.

5. "Audit trail" means any log, journal, history, or record of user activity the platform maintains, including any record of creation, viewing, editing, deletion, restoration, export, printing, or downloading.

**INSTRUCTIONS**

1. Produce in the platform's native export format where one exists. Where none exists, produce in PDF or CSV.

2. Production may be made by electronic delivery to fnanie@gmail.com, or by secure download link sent to that address, in lieu of production at the place stated on the face of the subpoena.

3. If any responsive record has been deleted, purged, overwritten, or archived beyond retrieval, state that in writing, identify the record, state when it occurred, and identify the policy or event under which it occurred.

4. If Procare contends that any responsive record is not within its possession, custody, or control, state that in writing and identify the person or entity Procare understands to hold it.

5. If Procare contends that any request is overbroad, unduly burdensome, or otherwise objectionable, Movant asks that Procare say so and confer with Movant before any motion is filed. Movant will confer promptly and is prepared to narrow any request that can be narrowed without losing what it is for.

6. Records produced in response to this Attachment will not be offered or used in any proceeding or forum other than Case No. 2:26-bk-01245-DPC without further order of the United States Bankruptcy Court for the District of Arizona.

**DOCUMENTS REQUESTED**

1. All records relating to the Child for the Period. This is the search counsel for Procare described on September 11, 2026: “We will conduct a search for records relating to the student name you mentioned and records associated with that student will be set aside.”

2. Record-creation metadata for the Child, including the date and time the Child’s record was first created on the platform, the user who created it, and the date and time each field of that record was first populated.

3. For each daily log, child log, account log, note, and attendance entry relating to the Child that the audit trail shows was edited or deleted after its initial creation: every version of the entry, including all prior versions and the complete revision history, identifying for each the user and the date and time of each creation, edit, or deletion.

4. The audit trail for the Child’s record for the Period, identifying for each event the user, the date and time, and the action taken.

5. Without limiting Request 4, all audit-trail events occurring on May 7, 2026, and all audit-trail data concerning the entry dated January 16, 2026 that bears on its face the notation “Last Modified: 5/7/2026 - 02:52 PM,” including the content of that entry as it existed before and after each modification and the identity of the user who made each modification.

6. Attendance and sign-in and sign-out records for the Child for the Period, including the date and time of each event.

7. The complete billing ledger, invoices, statements, and payment records associated with the Child for the Period.

8. The identity and permission level of each user account that accessed, created, modified, or deleted any record relating to the Child during the Period, and the history of permission changes to those accounts.

9. All communications between Procare and any holder, administrator, or user of the Account concerning any request for the Child's records, or concerning the retention, deletion, export, or migration of data in the Account.

10. All records reflecting the status of the Account during the Period, including subscription status and any lapse, downgrade, suspension, or termination, and any export, backup, or deletion performed on it.

11. The data-retention and deletion schedule applicable to the Account as in effect during the Period.