Craig S. Ganz (AZ 023650)
Joel F. Newell (AZ 025296)
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
E-mail: ganzc@ballardspahr.com
E-mail: newellj@ballardspahr.com

*Attorneys for Realty Income Corporation*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>MORE OPPORTUNITY REGARDING EDUCATION, INC., d/b/a BRIDGES PRESCOOL,<br><br>Debtor. | Chapter 11 - Subchapter V<br><br>Case No. 2:26-bk-01245-DPC<br><br>**EX PARTE STIPULATED MOTION TO AFFIRM LEASE REJECTION DATE** |

Realty Income Corporation ("Realty Income") files this Stipulated Motion to Affirm Lease Rejection Date (the "Stipulated Motion") between Realty Income and More Opportunity Regarding Education, Inc., d/b/a Bridges Preschool, the debtor and debtor-in-possession herein (the "Debtor"). Realty Income is the fee owner and landlord of (a) the real property located at 1997 W. Elliot Road, Chandler, Arizona 85286 (the "Chandler Premises") and (b) the real property located at 7570 S. Willow Drive, Tempe, Arizona 85283 (the "Tempe Premises" and, together with the Chandler Premises, the "Premises"). Debtor leased the Chandler Premises from Realty Income pursuant to that certain Land and Building Lease Agreement dated as of August 23, 2011, as amended (the "Chandler Lease"). Debtor leased the Tempe Premises from Realty Income pursuant to that certain Land and Building Lease Agreement dated as of September 18, 2010, as amended (the "Tempe Lease" and, together with the Chandler Lease, the "Leases"). Debtor entered into

a Sublease Agreement dated March 15, 2024 with Little Einstein Preschool, LLC ("Subtenant") for the Chandler Premises, pursuant to which Subtenant subleased the Chandler Premises from Debtor for the remainder of the Chandler Lease term through March 31, 2027 (the "Sublease"). Realty Income consented to the Sublease by that certain Consent to Sublease dated April 25, 2024. On September 9, 2026, the Court entered a minute entry order converting this case to Chapter 7, effective at the close of business on September 25, 2026 (the "Conversion Date"). The Debtor did not assume the Leases or the Sublease prior to the Conversion Date, and the Leases are deemed rejected under section 365(d)(4) of the Bankruptcy Code. Subtenant has paid rent for September 2026 under the Sublease. The parties wish to affirm that the effective date of rejection of the Leases is September 30, 2026, to allow for an orderly transition of the Premises and to account for the Subtenant's payment of September 2026 rent. Realty Income and the Debtor respectfully request that the Court enter an order contemporaneously lodged herewith approving this stipulation.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## I. Background

On February 11, 2026 (the "Petition Date"), Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), electing to proceed under Subchapter V. Debtor operated its business and managed its properties as a debtor-in-possession pursuant to sections 1184, 1107 and 1108 of the Bankruptcy Code, and no chapter 11 trustee was appointed. Dawn Maguire was appointed as the Subchapter V Trustee on the Petition Date. Realty Income is the fee owner and landlord of the Premises. Prior to the Petition Date, Debtor entered into the Leases with Realty Income, and subsequently entered into the Sublease with Subtenant with respect to the Chandler Premises. Debtor scheduled both Leases on its Schedule G. The Debtor's deadline to assume or reject the Leases under section 365(d)(4) of the Bankruptcy Code was extended by prior order of this Court to September 9, 2026. On September 9, 2026, the Court granted the Debtor's oral motion to convert the case to Chapter 7, effective at the close of business on September 25, 2026.

The Debtor did not assume the Leases or the Sublease prior to conversion. Subtenant is currently operating at the Chandler Premises and has paid rent under the Sublease for September 2026.

## II. Legal Standard

Section 365(a) of the Bankruptcy Code provides that a trustee "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A debtor-in-possession in a case under Subchapter V of chapter 11 has the rights and powers of a trustee for this purpose. 11 U.S.C. §§ 1107(a), 1184. "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 25 (2d. Cir. 1996); *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). In reviewing a decision to assume or reject an executory contract, a bankruptcy court should apply the "business judgment test" to determine whether it would be beneficial to the estate to assume or reject it. *In re Continental Country Club, Inc.*, 114 B.R. 763, 767 (Bankr. M.D.Fla. 1990); *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."). The business judgment standard requires that the court follow the business judgment of the debtor-in-possession unless that judgment is the product of bad faith, whim, or caprice. *In re Prime Motors Inns*, 124 B.R. 378, 381 (Bankr. S.D.Fla. 1991), *citing Lubrizol Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001). If a debtor-in-possession does not assume or reject an unexpired lease of nonresidential real property within 120 days after the order for relief, as such period may be extended, the lease is deemed rejected and the leased premises must be surrendered immediately. 11 U.S.C. § 365(d)(4).

Upon conversion of a case from chapter 11 to chapter 7 under section 348 of the

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Bankruptcy Code, an unexpired lease of nonresidential real property that has not been previously assumed is deemed rejected under section 365(d)(4). 11 U.S.C. §§ 348, 365(d)(4). The Court retains authority under section 105(a) of the Bankruptcy Code to enter orders necessary to implement the terms of such rejection, including establishing the effective date and the terms for orderly transition of the premises.

## III. Relief Requested

Realty Income and the Debtor wish to resolve the issues relating to the Leases and possession of the Premises following conversion of this case to Chapter 7. The Debtor's deadline to assume or reject the Leases under section 365(d)(4) was September 9, 2026. The Debtor did not assume the Leases or the Sublease prior to conversion, and the Leases are deemed rejected under section 365(d)(4). Subtenant has paid rent for September 2026 under the Sublease. The parties wish to affirm that the effective date of rejection of the Leases is September 30, 2026, to allow for an orderly transition of the Premises and to account for the Subtenant's payment of September 2026 rent.

Therefore, Realty Income and the Debtor agree and stipulate that:

1. The Leases were not assumed prior to the conversion of this case to Chapter 7, and the Leases are deemed rejected under section 365(d)(4) of the Bankruptcy Code.

2. The effective date of rejection of the Leases, and all of the Debtor's leasehold interests in the Premises thereunder, is September 30, 2026 (the "Rejection Date"), and any right to possession of the Premises by the Debtor or the estate, and/or anyone claiming any interest in the Premises on behalf of or through them, is also terminated and forfeited under applicable non-bankruptcy law effective as of the Rejection Date.

3. Subtenant is currently operating at the Chandler Premises pursuant to the Sublease and has paid rent for September 2026. The Debtor does not intend to assume the Sublease, and the Sublease shall terminate upon the Rejection Date. The Subtenant, and any person or entity claiming a right to possession of the Chandler Premises under or through the Debtor, the Subtenant, or the estate, shall quit and deliver possession of the Chandler Premises to Realty Income on or before October 1, 2026. The Debtor, and any

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

person or entity claiming a right to possession of the Tempe Premises under or through the Debtor or the estate, shall quit and deliver possession of the Tempe Premises to Realty Income on or before October 1, 2026.

4. To the extent the Debtor or the Subtenant has any personal property, inventory, or furnishings, fixtures, and equipment (collectively, the "FF&E") at the Premises (the "Remaining Property"), the Debtor shall notify the Subtenant and any other party that may have an interest in the Remaining Property, and such parties shall remove any such Remaining Property from the Premises on or before September 30, 2026.

5. To the extent necessary, Realty Income shall have relief from the automatic stay imposed by 11 U.S.C. § 362, and may issue, file, serve, or record any and all notices as may be desirable or necessary under applicable Arizona or other non-bankruptcy law in conjunction with the exercise of its rights and remedies as to the Premises and the FF&E, including but not limited to its rights to dispose of any FF&E remaining on the Premises.

6. This Stipulated Motion and any order thereon are without prejudice to Realty Income's right to assert unsecured, rejection damage, and administrative priority claims, and without prejudice to the right of any party to object to such claims. Such that Realty Income may file its claim for rejection damages on or before thirty (30) days from the entry of an order approving this Stipulated Motion.

7. The Order entered on this Stipulated Motion is effective immediately upon entry, and not subject to any stay under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or applicable non-bankruptcy law.

8. The Bankruptcy Court retains jurisdiction to resolve any and all disputes relating to this Stipulated Motion and the Order entered thereon.

**IV. Conclusion**

For the reasons stated above, Realty Income and the Debtor respectfully request that the Court enter an order approving the terms of the foregoing stipulation.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Dated: September 22, 2026

**BALLARD SPAHR LLP**

By: *<u>/s/ Joel F. Newell</u>*
Craig Solomon Ganz, Esquire
Joel F. Newell, Esquire
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
E-mail: ganzc@ballardspahr.com
E-mail: newellj@ballardspahr.com

*Attorneys for Realty Income Corporation*

APPROVED AS TO FORM AND CONTENT:

ALLAN D. NEWDELMAN, P.C.

By: *<u>/s/ Roberta J. Sunkin</u>* <u>(with permission)</u>
Roberta J. Sunkin, Esq.
80 East Columbus Avenue
Phoenix, AZ 85012
Telephone: (602) 264-4550
Email: anewdelman@adnlaw.net

*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2026, I electronically transmitted a PDF version of this document to the Office of the Clerk of Court, using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

*/s/ Britney Tomko*
Britney Tomko

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400