Franck Olivier Nanie
1001 W. Macaw Drive
Queen Creek, Arizona 85140
Telephone: (602) 919-4860
Email: fnanie@gmail.com
**Creditor and Claimant, Pro Per**
**Proof of Claim No. 7-1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>**MORE OPPORTUNITY REGARDING EDUCATION, INC.,**<br><br>Debtor. | Chapter 7<br>**Case No. 2:26-bk-01245-DPC**<br><br>**CREDITOR'S DISCLOSURE OF A FILING MADE IN THE CIVIL CASE AND MOTION FOR CLARIFICATION OR LIMITED RELIEF FROM THE ORDER OF JUNE 5, 2026 REGARDING STATE COURT MATTERS**<br><br>(Assigned to the Honorable Daniel P. Collins) |

Franck Olivier Nanie, the claimant on Proof of Claim No. 7-1, appearing Pro Per, brings this matter to the Court's attention on his own initiative. On October 13, 2026 he filed a motion in Maricopa County Superior Court No. CV2026-002600 that is a document related to the

Debtor. The Court's Order of June 5, 2026 stays him from making such a filing. No party has raised the matter. He discloses it here, explains how it came about, and asks the Court for direction, including direction as to what should now happen to that motion.

## I. DISCLOSURE.

**1.** The Court's Order Regarding State Court Matters Related to More Opportunity Regarding Education, Inc., dated June 5, 2026, provides in relevant part:

> IT IS ORDERED that Mr. Nanie is stayed from filing any documents related to Debtor in the Family Law Case.
>
> IT IS FURTHER ORDERED that Mr. Nanie is stayed from filing any documents related to Debtor in the Civil Case. The stay as to Debtor and property of the estate does not extend to matters not involving the Debtor or the bankruptcy estate.

**2.** The same Order records the undertaking on which it rests: "If Mr. Nanie has any issues related to Debtor in the Civil Case he will bring those issues to the Bankruptcy Court and only the Bankruptcy Court while Debtor's case is pending."

**3.** On October 13, 2026 Mr. Nanie filed in the Civil Case a Motion to Continue the November 17, 2026 Dismissal Date as to Defendant More Opportunity Regarding Education, Inc., together with an Appendix of Exhibits and a Notice of Lodging. Those documents carry Maricopa County Filing IDs 22983719 and 22983736.

**4.** That motion is a document related to the Debtor, filed in the Civil Case. It falls within the Order of June 5, 2026. Mr. Nanie does not contend otherwise.

**5.** Mr. Nanie recognized the conflict on October 16, 2026 and files this disclosure the same day. No party, the Debtor, the Trustee or the United States Trustee, has raised the matter with him or with any court.

## II. HOW IT CAME ABOUT.

**6.** Mr. Nanie offers the following as context, not as justification.

**7.** On May 26, 2026 the Superior Court in the Civil Case entered a minute entry that both stayed the Civil Case as to the Debtor and set a date certain for dismissal of the claims against it:

> IT IS ORDERED staying this matter until November 17, 2026 as to Defendant More Opportunity Regarding Education Inc (debtor).
>
> This case/claim(s) will be dismissed on November 17, 2026 unless prior to the scheduled dismissal date Plaintiff demonstrates they have moved to lift the stay but the request has not been ruled upon or has been denied; or they have sought to reduce the claim(s) against the debtor to judgment in the Bankruptcy Court in an adversary proceeding and the adversary proceeding has not yet been resolved despite diligence in seeking such a resolution; or they have obtained severance of the claim(s) against the debtor from the claim(s) against the other parties to the action, if any; or they have demonstrated a reasonable basis for continuing the dismissal date.

**8.** That minute entry set out four routes by which the claims against the Debtor could survive November 17, 2026. The first is a motion to lift the stay, which is filed in this Court. The fourth is a demonstration of a reasonable basis for continuing the dismissal date, which is made

in the Superior Court. On October 13, 2026 Mr. Nanie took the fourth route. He should have taken the first, which is the route this Court's June 5, 2026 Order directs.

**9.** Mr. Nanie was not disregarding the June 5, 2026 Order generally. On the same day, October 13, 2026, at 9:15 a.m., he wrote to counsel then of record for the Debtor requesting a Rule 16(b) early meeting in the Civil Case and stated expressly: "I am not seeking to confer as to More Opportunity Regarding Education, Inc., which is stayed until November 17, 2026." He excluded the Debtor from that request because of the stay.

**10.** The timing was compressed. On October 12, 2026 counsel of record for the Debtor in the Civil Case, Zachary D. Giammarco, filed an Application to Withdraw. The Superior Court signed the order allowing withdrawal on October 14, 2026 and it was filed October 15, 2026. The Debtor has since had no counsel of record in the Civil Case, and the Application states that the Debtor "has been advised that, as a corporation, it may appear in this action only through counsel." The window in which the Debtor had counsel of record in the Civil Case was closing as the November 17, 2026 date approached.

**11.** The concern about the closing window was informed by the history of reaching the Debtor before the petition date. In Maricopa County Superior Court No. FC2024-053028, on January 14, 2026 Mr. Nanie moved ex parte for alternative service of a subpoena duces tecum on the Debtor. On March 11, 2026 that court granted the motion in part, finding that Mr. Nanie "has undertaken reasonable efforts to effectuate service of a subpoena by one of the means set forth in Rules 41(c)-(i), and that such service has proven impracticable," and authorizing service through the Arizona Corporation Commission, by regular mail to two street addresses, and by email to three addresses. That court entered further orders to the same effect on the same date as to two later motions.

**12.** On April 7, 2026 Mr. Nanie filed an affidavit establishing that alternative service had been completed, and moved to compel. On May 6, 2026 the family court found that the Debtor "has not responded to the subpoena," granted the motion in part, compelled production by May 8, 2026, and, under Rule 52(f) of the Arizona Rules of Family Law Procedure, compelled "a principal of Bridges to appear and show cause for its non-compliance with the subpoena," setting an evidentiary hearing for June 4, 2026.

**13.** Mr. Nanie states the rest of that history as well, because it cuts the other way. A production was made on May 7, 2026. By letter dated May 8, 2026 to Mr. Giammarco, Mr. Nanie identified deficiencies in that production by rider category. At the hearing on May 11, 2026 the family court asked whether nothing had still been provided, and Mr. Nanie answered on the record: "No, Your Honor. It was deficient but they provided something absolutely critical and I have copies here." In the same exchange the family court stated, "I did set a hearing because they did not comply," and offered to hold the evidentiary record open for late submission of document evidence. Mr. Nanie did not accept that offer. He withdrew his motions and requests related to the subpoena, and the June 4, 2026 order to show cause hearing was vacated. The family court recorded on June 25, 2026 that it had been informed the requested documents had been provided. Whether that production satisfied the subpoena has never been adjudicated in any forum. Mr. Nanie does not ask this Court to decide that question, and states this history only so that it is complete and is not read as a finding of compliance.

**14.** A related point bears on why Mr. Nanie wanted communications with counsel of record documented before the withdrawal was granted. The March 11, 2026 order authorized email service on the Debtor at three addresses in a single line reading "Director Brown cyndi@bridgespreschool.com; dan@bridgespreschool.com; b7lead@bridgespreschool.com." Which individual holds which address, and who is the principal of the Debtor authorized to receive process, has been unsettled. On May 8, 2026 Mr. Nanie filed in the family court a Motion to Confirm Daniel Frederick as the Principal of MORE Required to Appear, and that

motion was later denied as moot without reaching the question. Mr. Nanie raises this only to explain his state of mind on October 13, 2026, not to ask this Court to resolve it.

**15.** Mr. Nanie has made no other filing related to the Debtor in either state case since June 5, 2026. His filings in the Civil Case of October 4 and October 15, 2026 concern Defendants Holon Health Great Lakes, P.C., Rachel Manni and Amoin Kouadio Epse Koffi, seek no relief against the Debtor or property of the estate, and fall within the exception in the Order of June 5, 2026 for “matters not involving the Debtor or the bankruptcy estate.”

## III. THE QUESTION THE NOVEMBER 17, 2026 DATE PRESENTS.

**16.** The Order of June 5, 2026 directs that issues related to the Debtor in the Civil Case be brought to this Court and only this Court. The November 17, 2026 dismissal date is such an issue. Mr. Nanie brings it here now.

**17.** He does not ask this Court to direct the Superior Court. He asks for direction as to what he may and may not do, and for any relief this Court considers appropriate so that the question is resolved in this forum rather than in the Civil Case.

**18.** Mr. Nanie will not file anything further in the Civil Case concerning the Debtor, including a withdrawal of the October 13, 2026 motion, unless and until this Court directs him to do so. He recognizes that a withdrawal would itself be a document related to the Debtor.

## IV. RELIEF REQUESTED.

**19.** Mr. Nanie respectfully requests that the Court:

**(a)** acknowledge this disclosure;

**(b)** direct whether the October 13, 2026 motion in the Civil Case should be withdrawn, and if so, authorize Mr. Nanie to file the withdrawal notwithstanding the Order of June 5, 2026;

**(c)** determine how the November 17, 2026 dismissal date set by the Superior Court should be addressed consistent with the Order of June 5, 2026, including whether Mr. Nanie should file a motion for relief from the automatic stay in this Court, which is the first of the four routes the Superior Court identified;

**(d)** in the alternative, grant limited relief from the Order of June 5, 2026 sufficient to permit Mr. Nanie to address the November 17, 2026 dismissal date in the Civil Case, and for no other purpose; and

**(e)** grant such other relief as the Court considers appropriate.

## V. MEMORANDUM OF SUPPORTING AUTHORITIES.

Submitted under D. Ariz. Bankr. Local Rule 9013-1(a).

**20.** The Order of June 5, 2026 is this Court's own order. Section 105(a) of Title 11 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and that no provision of the title "shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The authority to clarify, enforce or modify the Order of June 5, 2026 rests with this Court.

**21.** Section 362(a)(1) stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The Order of June 5, 2026 gives effect to that stay in the two state cases and goes further, directing where issues related to the Debtor are to be raised.

**22.** Mr. Nanie does not ask the Court to excuse the October 13, 2026 filing. He discloses it, states that it falls within the Order, and asks the Court to decide what should be done about it. He submits that prompt self-disclosure, before any party raised the matter, is the course the Order contemplates when he undertook to bring issues related to the Debtor to this Court and only this Court.

DATED this 16th day of October, 2026.

/s/ Franck Olivier Nanie
Franck Olivier Nanie
Creditor and Claimant, Pro Per

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, I submitted the foregoing to the Clerk of the United States Bankruptcy Court for the District of Arizona through the Electronic Drop Box, and served a copy by email on the following:

**Allan D. NewDelman, Esq.** and **Roberta J. Sunkin, Esq.**
Allan D. NewDelman, P.C.
80 East Columbus Avenue, Phoenix, Arizona 85012

anewdelman@adnlaw.net; cprieur@adnlaw.net

*Attorneys for Debtor*

**Stuart B. Rodgers, Esq.**

stuart.rodgers@nrhslaw.com

*Attorney for Robert A. Mackenzie, Chapter 7 Trustee*

**Robert A. Mackenzie**, Chapter 7 Trustee

ram@ramlawltd.com

**Jennifer A. Giaimo, Esq.**

jennifer.a.giaimo@usdoj.gov

*Office of the United States Trustee*

/s/ Franck Olivier Nanie

Franck Olivier Nanie