Craig S. Ganz (AZ 023650)
Joel F. Newell (AZ 025296)
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
E-mail: ganzc@ballardspahr.com
E-mail: newellj@ballardspahr.com

*Attorneys for STORE Master Funding X, LLC*



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>MORE OPPORTUNITY REGARDING EDUCATION, INC., d/b/a BRIDGES PRESCHOOL,<br><br>Debtor. | Chapter 7<br>(Converted from Chapter 11 - Subchapter V)<br><br>Case No. 2:26-bk-01245-DPC<br><br>***EX PARTE* STIPULATED MOTION TO AFFIRM LEASE REJECTION DATE** |

STORE Master Funding X, LLC ("STORE") files this Stipulated Motion to Affirm Lease Rejection Date (the "Stipulated Motion") between STORE and Robert A. MacKenzie, the chapter 7 trustee herein (the "Chapter 7 Trustee") in his capacity as Chapter 7 Trustee for the estate of More Opportunity Regarding Education, Inc., d/b/a Bridges Preschool, the debtor herein (the "Debtor"), related to that certain Amended and Restated Master Lease Agreement dated as of April 28, 2017 between STORE, as Lessor, and Debtor, as Lessee (the "Master Lease"), together with all of the real property leased thereunder. The Master Lease is a single lease for two properties located at 20635 S. Old Ellsworth Road, Queen Creek, Arizona 85142 and 1201 N. 66th Street, Mesa, Arizona 85205 (collectively, the "Premises"). The Debtor did not assume the Master Lease on or before the expiration of its extended deadline to assume or reject the Master Lease under section 365(d)(4) of the Bankruptcy Code, and the Master Lease was therefore deemed

rejected by operation of law effective as of that deadline, prior to the conversion of this case to chapter 7. The parties wish to affirm that the effective date of rejection of the Master Lease is September 9, 2026, the date on which the time to assume or reject the Master Lease expired by operation of law. STORE and the Chapter 7 Trustee respectfully request that the Court enter an order contemporaneously lodged herewith approving this stipulation.

## I. Background

On February 11, 2026 (the "Petition Date"), Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), electing to proceed under Subchapter V. Debtor operated its business and managed its properties as a debtor-in-possession pursuant to sections 1184, 1107 and 1108 of the Bankruptcy Code, and no chapter 11 trustee was appointed. Dawn Maguire was appointed as the Subchapter V Trustee on the Petition Date. STORE is the owner and lessor of the Premises. Prior to the Petition Date, STORE and Debtor entered into the Master Lease, under which Debtor leases both of the Premises as a single lease of all, but not less than all, of the properties. Debtor scheduled the Master Lease on its Schedule G. Debtor has vacated the Premises.

By order of the Court, the Debtor's deadline to assume or reject the Master Lease under section 365(d)(4) of the Bankruptcy Code was extended to September 9, 2026 (the "Assumption Deadline"). The Debtor did not assume the Master Lease on or before the Assumption Deadline. On September 9, 2026, the Court granted the Debtor's oral motion to convert the case to chapter 7, effective at the close of business on September 25, 2026 (the "Conversion Date"), and Robert A. MacKenzie was appointed as the Chapter 7 Trustee.

## II. Legal Standard

Section 365(a) of the Bankruptcy Code provides that a trustee "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The business judgment standard requires that the court follow the

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

business judgment of the debtor-in-possession unless that judgment is the product of bad faith, whim, or caprice. *In re Prime Motors Inns*, 124 B.R. 378, 381 (Bankr. S.D.Fla. 1991), *citing Lubrizol Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001). If a debtor-in-possession does not assume or reject an unexpired lease of nonresidential real property within 120 days after the order for relief, as such period may be extended, the lease is deemed rejected and the leased premises must be surrendered immediately. 11 U.S.C. § 365(d)(4).

Deemed rejection under section 365(d)(4) occurs automatically by operation of law upon expiration of the time to assume or reject, without the need for further order of the Court. 11 U.S.C. § 365(d)(4)(A). A lease deemed rejected prior to conversion is not revived by conversion and does not become property of the chapter 7 estate available for assumption by a chapter 7 trustee. *See* 11 U.S.C. §§ 348, 365(d)(4). The Court retains authority under section 105(a) of the Bankruptcy Code to enter orders necessary to implement the terms of such rejection, including affirming the effective date of rejection and the terms for surrender of the premises.

## III. Relief Requested

STORE and the Chapter 7 Trustee wish to resolve the issues relating to the Master Lease and possession of the Premises following conversion of this case to chapter 7. The Debtor's deadline to assume or reject the Master Lease under section 365(d)(4) was extended to September 9, 2026. The Debtor did not assume the Master Lease on or before the Assumption Deadline, which passed before the Conversion Date, and the Master Lease was therefore deemed rejected by operation of law effective as of the Assumption Deadline. Because the Master Lease is a single lease of all, but not less than all, of the Premises, it may not be assumed or rejected in part, and the deemed rejection applies to both of the Premises. The Master Lease is not property of the chapter 7 estate available for assumption by the Chapter 7 Trustee. The parties wish to affirm that the effective date of

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

rejection of the Master Lease is September 9, 2026, the date on which the time to assume or reject expired by operation of law.

Therefore, STORE and the Chapter 7 Trustee agree and stipulate that:

1. The Master Lease was not assumed on or before the Assumption Deadline, and the Master Lease was deemed rejected under section 365(d)(4) of the Bankruptcy Code by operation of law prior to the conversion of this case to chapter 7.

2. The effective date of rejection of the Master Lease, and all of the Debtor's leasehold interests in the Premises thereunder, is September 9, 2026, the date on which the time to assume or reject the Master Lease expired by operation of law (the "Rejection Date"), and any right to possession of the Premises by the Debtor, the Chapter 7 Trustee, or the estate, and/or anyone claiming any interest in the Premises on behalf of or through them, is also terminated and forfeited under applicable non-bankruptcy law effective as of the Rejection Date.

3. To the extent necessary, STORE shall have relief from the automatic stay imposed by 11 U.S.C. § 362, and may issue, file, serve, or record any and all notices as may be desirable or necessary under applicable Arizona or other non-bankruptcy law in conjunction with the exercise of its rights and remedies as to the Premises and the FF&E, including but not limited to its rights to dispose of any FF&E remaining on the Premises.

4. This Stipulated Motion and any order thereon are without prejudice to STORE's right to assert unsecured, rejection damage, and administrative priority claims, and without prejudice to the right of any party to object to such claims. Such that STORE may file its claim for rejection damages on or before thirty (30) days from the entry of an order approving this Stipulated Motion.

5. Signatures transmitted by facsimile or other electronic means, or that comply with the Local Bankruptcy Rules of this Court, shall be deemed original signatures.

6. The Order entered on this Stipulated Motion is effective immediately upon entry, and not subject to any stay under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or applicable non-bankruptcy law.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

7. The Bankruptcy Court retains jurisdiction to resolve any and all disputes relating to this Stipulated Motion and the Order entered thereon.

**IV. Conclusion**

For the reasons stated above, STORE and the Chapter 7 Trustee respectfully request that the Court enter an order contemporaneously lodged herewith approving the terms of the foregoing stipulation.

Dated: October 22, 2026

**BALLARD SPAHR LLP**

By: */s/ Joel F. Newell*
Craig Solomon Ganz, Esquire
Joel F. Newell, Esquire
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
E-mail: ganzc@ballardspahr.com
E-mail: newellj@ballardspahr.com

*Attorneys for STORE Master Funding X, LLC*

APPROVED AS TO FORM AND CONTENT:

NACH, RODGERS, HILKERT & SANTILLI
By: */s/ Stuart Rodgers (with permission)*
Stuart Rodgers, Esq.
1220 East Osborn Road, Suite 101
Phoenix, AZ 85014
Telephone: 602.258.6000
Facsimile: 602.258.6003
Email: stuart.rodgers@nrhslaw.com

*Attorneys for Robert A. MacKenzie, Chapter 7 Trustee*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## CERTIFICATE OF SERVICE

I certify that on October 22, 2026, I electronically transmitted a PDF version of this document to the Office of the Clerk of Court, using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

*/s/ Nizza Jane Amphlett*
Nizza Jane Amphlett